UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,                         97 CR 669 (SJ)(RML)

- against -                                       **ORDER**

CLIFFORD HOTTE,

                         Defendant.
-----------------------------------------------------------X

APPEARANCES:

ROSLYNN R. MAUSKOPF
United States Attorney's Office
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:   Beth P. Schwartz, Esq.
Attorney for the United States

CLIFFORD HOTTE
51 Prospect Road
Centerport, NY 11721
Defendant, *Pro Se*

JOHNSON, Senior District Judge:

On September 10, 2007, Magistrate Judge Robert M. Levy filed a Report and Recommendation (the "Report") in this case, recommending that the Court deny the motion to modify the restitution order filed by Clifford Hotte ("Defendant"), and grant the government's application for a Writ of Continuing Garnishment. Judge Levy provided the parties with ten business days to file any objections to the Report in order to preserve appellate review. Therefore, any

1

objections were to be filed no later than September 24, 2007. Having received no objections by that date, the Court adopted the Report on September 28, 2007.

On September 29, 2007, Defendant submitted a motion to reconsider, claiming that he had timely filed objections to the Report that were overlooked by the Court. In support of his motion, Defendant provided mailing receipts indicating that his objections had been delivered to the Court on September 21, 2007, as well as a copy of his objections that had been file stamped on September 21, 2007. On October 1, 2007, Defendant's objections to the Report were finally posted on the Court's Electronic Case Filing system ("ECF"). On October 2, 2007, the government filed a response to Defendant's objections.

Having reviewed the record, the Court concludes that Defendant's objections were timely filed, and his objections were not entered on ECF until October 1, 2007 due to a clerical error rather than any error attributable to Defendant. Accordingly, the Court will now consider Defendant's objections to the Report and the government's response.

## DISCUSSION

As stated above, Judge Levy's Report recommended that Defendant's motion for a modification of the restitution judgment and claim for exemption of funds held in his IRA accounts be denied, and that the government be permitted to

2

garnish funds currently held in Defendant's name to the extent necessary to satisfy the government's claim for outstanding restitution payments.

In his objections to the Report, Defendant argues that his restitution payments while incarcerated were determined by Bureau of Prisons ("BOP") staff through the Inmate Financial Responsibility Program ("IFRP"). Defendant claims that by complying with the directions of the BOP staff in connection with the IFRP, it necessarily follows that he could not have been in default on his restitution payments. However, the payment plan set forth in the judgment this Court imposed against Defendant may only be modified by the Court, if at all, and not by the BOP staff. The IFRP in which Defendant participated exists merely to assist in the collection of the judgment imposed by the Court, and in no way supersedes the Court-imposed restitution judgment and payment plan. Therefore, Defendant's participation in the IFRP neither effected his obligation to comply with the Court's restitution order, nor excused his default.

Defendant also claims that the government's notice of default was improper. However, Judge Levy held an evidentiary hearing on this issue on December 21, 2006, and found that the government fully complied with the requirement of 28 U.S.C. § 3205(b)(1)(B) to make a demand for payment at least thirty days before applying for a Writ of Garnishment. Nothing in Defendant's objections convinces this Court to reject Judge Levy's finding.

P-049

Finally, the Court previously adopted Judge Levy's Report granting a Writ of Continuing Garnishment against property in Defendant's IRA accounts with TIAA-CREF and Nationwide Mutual Insurance Company. However, the government states that in order to garnish funds in Defendant's IRA accounts, it requires a Garnishee Order, rather than a Writ of Continuing Garnishment. Therefore, the Court hereby grants the government's request for a Garnishee Order against Defendant's IRA accounts with TIAA-CREF and Nationwide Mutual Insurance Company.

## CONCLUSION

After reviewing Judge Levy's Report and the parties' objections, and after reviewing *de novo* those portions of the record to which objections were made, the Court concludes that neither party has raised any arguments that would convince the Court to reject Judge Levy's well-reasoned recommendations. Accordingly, the Court affirms and adopts the Report in its entirety, with the single aforementioned clarification regarding the garnishment of Defendant's IRA accounts. Defendant's motion to modify the restitution order is DENIED, and the government's application for a Garnishee Order against Defendant's IRA accounts is GRANTED.

SO ORDERED.

Dated: October 18, 2007
Brooklyn, NY

S/ Sterling Johnson, Jr.
_____
STERLING JOHNSON, JR.
Senior United States District Judge

P-049